FILED'09 JUN 08 15:02 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KARIN FRY, | CV 08-475-AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION |
| GLENN SOLOMON, dba GLENN SOLOMON, ATTORNEY AT LAW, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Currently before the court is defendant Glenn Solomon's ("Solomon") renewed motion to dismiss this action, with prejudice and without costs or attorneys fees, pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). Solomon's renewed motion asserts that dismissal is

FINDINGS AND RECOMMENDATIONS        1                                         {AM}

appropriate because plaintiff, Karin Fry ("Fry"), failed to comply with the court's order requesting her to show cause why her case should not be dismissed. Because the record shows that Fry has both failed to prosecute her case in a timely manner and failed to comply with the court's order to show good cause, Solomon's renewed motion to dismiss should be granted, with prejudice.

*Factual Background*

On March 7, 2008, Fry filed an action *pro se* for legal malpractice in the Circuit Court for the State of Oregon for the County of Multnomah. On April 18, 2008, Solomon removed that action to this court. On April 23, 2008, Solomon filed an answer and affirmative defenses. On July 15, 2008, after several schedule changes made at Fry's request, the court conducted a scheduling conference on the record. Fry did not attend nor did she notify Solomon or the court that she would not be present. On November 17, 2008, Solomon filed a motion for extension of pretrial deadlines. This motion was granted by the court on November 18, 2008. On February 16, 2009, Solomon filed a motion to dismiss, pursuant to Rule 41(b), or, in the alternative, a motion compelling responses to Solomon's first request for production of documents and first set of interrogatories.

On February 25, 2009, after almost a year of inactivity and non-responsiveness by Fry, the court ordered Fry to show good cause, within thirty days, why her case should not be dismissed. The court further ordered that Solomon's motion to dismiss, or, alternatively, to compel, was deferred pending Fry's response or failure to respond to the order to show good cause. Fry failed to respond to the court's order. On April 1, 2009, pursuant to Rule 41(b), Solomon filed a renewed motion to dismiss the action, based on Fry's failure to respond to the order to show good cause. Accordingly, the court struck as moot Solomon's earlier motion to dismiss. Fry has not, as of this date, responded either to the court's original order to show cause or the renewed motion to dismiss.

*Legal Standard*

A district court's authority to dismiss an action for failure to prosecute or comply with court orders pursuant to Rule 41(b) is well-established. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-630 (1962); *see also Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) ("The power of the court to dismiss the action for failure to obey the order was clear.") (internal citations omitted). The court should weigh five factors to determine whether to dismiss a case for failure to comply with a court order, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (internal citations omitted). *See also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (adopting the same five-factor test for dismissal for failure to prosecute). *Henderson* also makes clear that the court's focus when applying the five factors in a failure to prosecute analysis is on the unreasonable delay resulting from the plaintiff's inaction. *Id.* at 1423.

*Discussion*

Dismissal of this case is supported by four of the five determining factors. Both the public's interest in expeditious resolution of litigation and the court's need to manage its docket support dismissal because Fry's repeated inaction has brought the case to a halt. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal citations omitted). Further, the court's repeated attempts to elicit a response from Fry take valuable time away from other matters on its docket. *See Ferdik*, 963 F.2d at 1261 ("It is incumbent upon us to preserve the district courts' power to manage their dockets

without being subject to the endless vexatious noncompliance of litigants." (internal citations omitted)). Dismissal also prevents the risk of prejudice to Solomon in that Solomon will no longer be party to an action that has not progressed in over a year, due entirely to the fault of Fry. *See Brittman v. United Student Aid Funds Inc.*, CV-08-1584-PHX-DGC, 2009 WL 1259980 at *2 (D. Ariz. May 6, 2009) (defendant is prejudiced if unable to move forward with his defense or obtain discovery). Fry's refusal to comply with or even respond to the court's order is evidence that less drastic alternatives will prove ineffective. *See Nevijel*, 651 F.2d at 674 ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case."). The only factor that does not support a decision to dismiss is the public policy favoring disposition of cases on their merits, but this is outweighed by the four other factors that support dismissal of the action. *See Yourish*, 191 F.3d at 992. The five-factor test is a balancing test, so not all five factors must support dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (dismissal is appropriate when four factors support dismissal, or three factors "strongly" support dismissal).

Pro se litigants are afforded more leniency than those represented by counsel and are to be given opportunities to correct their procedural mistakes. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (pro se litigants should be treated with great leniency when evaluating compliance with rules of civil procedure); *see also Ferdik*, 963 F.2d at 1261 ("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). However, Ninth Circuit cases demonstrate a clear preference to dismiss with prejudice actions where the plaintiff failed to prosecute or comply with court orders, whether or not the plaintiff is proceeding pro se. *See Macavilca v. McCluskey*, 08-5263RJB/JRC, 2009 WL 1393233, at *1-2 (W.D. Wash. May 18, 2009) (pro se litigant's action dismissed with prejudice

after he failed to prosecute for over five months and then failed to respond to an order to show cause); *see also Graham v. Larza*, CV 07-00989 JFW, 2008 WL 4792420, at *5 (C.D. Cal. Oct. 28, 2008) (pro se litigant's action dismissed with prejudice for failure to file amended complaint or opposition to motion to dismiss, or keep court apprised of correct address); *see also Ferdik*, 963 F.2d at 1259-60 (pro se litigant's action dismissed with prejudice after a second failure to timely file amended complaint and a warning of dismissal).

Dismissal with prejudice is warranted in this case because, even though the court has shown great leniency, and given Fry more than enough chances to pursue her claim, Fry has done nothing to pursue the case she filed over one year ago. *See Ferdik*, 963 F.2d at 1261("[C]ourt not only demonstrated more than adequate sensitivity to Ferdik's inexperience as a pro se litigant, but also went out of its way to assist him."); *see also Henderson*, 779 F.2d at 1424 (9th Cir. 1986) (action dismissed with prejudice after repeated extensions and warnings of dismissal). Fry was warned of dismissal in the February 25, 2009, order to show cause, and failed to respond to Solomon's April 1, 2009, renewed motion to dismiss with prejudice. For over a year, Fry has failed to take any action to advance her claim, and has failed to respond to the court's order to show cause. Accordingly, this case should be dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute and failure to comply with a court order.

### Conclusion

Solomon's renewed motion (# 19) should be GRANTED and this case be dismissed with prejudice for failure to prosecute and failure to comply with a court order.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for

review. Objections, if any, are due no later than June 23, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 8th day of June, 2009.

_____
JOHN V. ACOSTA
United States Magistrate Judge